**Emil BADALZADEH, Petitioner,**

**v.**

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

**No. 06–75833.**

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 14, 2009.*

Filed Sept. 28, 2009.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Areg Kazaryan, Esquire, Law Offices of Areg Kazaryan, Glendale, CA, for Petitioner.

Regan Hildebrand, Jennifer L. Lightbody, Esquire, U.S. Department of Justice, Washington, DC, CAC–District Counsel, Esquire, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: SILVERMAN, RAWLINSON, and CLIFTON, Circuit Judges.

## MEMORANDUM **

Emil Badalzadeh, a native and citizen of Iran, petitions for review from the Board of Immigration Appeals' ("BIA") order dismissing her appeal from an immigration judge's decision denying her applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence findings of fact, *Gu v. Gonzales*, 454 F.3d 1014, 1018 (9th Cir. 2006), and we review de novo constitutional

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

violations, *see Lata v. INS*, 204 F.3d 1241, 1244 (9th Cir.2000), and we deny the petition for review.

■ Substantial evidence supports the BIA's finding that the three-day detention during which the police kicked and pushed Badalzadeh one time and told her to sign a confession did not rise to level of past persecution. *See Gu*, 454 F.3d at 1018–19. Further, substantial evidence supports the BIA's conclusion that Badalzadeh's well-founded fear is undermined because she remained in Iran without incident for two years after her arrest, *see Lata*, 204 F.3d at 1245, and because she safely traveled back and forth from Iran twice, *see Loho v. Mukasey*, 531 F.3d 1016, 1017–18 (9th Cir. 2008). Accordingly, her asylum claim fails.

■ It follows that because Badalzadeh failed to establish eligibility for asylum she necessarily failed to establish eligibility for withholding of removal. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006).

■ Substantial evidence supports the BIA's denial of CAT relief because Badalzadeh failed to show it is more likely than not that she would be tortured if returned to Iran, *see Singh v. Gonzales*, 439 F.3d 1100, 1113 (9th Cir.2006). We reject Badalzadeh's claim that the agency violated her due process by denying her CAT claim, *see Lata*, 204 F.3d at 1246 (9th Cir.2000).

Badalzadeh's request for judicial notice is denied. *See Fisher v. INS*, 79 F.3d 955, 963 (9th Cir.1996).

**PETITION FOR REVIEW DENIED.**